## EUGENE WALLER v. STATE.

### [60 South. 725.]

CRIMINAL LAW. *Instructions. Forgery. Uttering forged instrument.*
Where the indictment charged the defendant with forging and
uttering an alleged forged instrument of writing with intent
to cheat and defraud one person and the court instructed the
jury to find defendant guilty if they believed from the evidence
that he forged or uttered the instrument with intent to cheat
and defraud an entirely different person, the giving of such
instruction was reversible error.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Eugene Waller was convicted of forging and uttering
a forged instrument and appeals.

The facts are fully stated in the opinion of the court.

*W. L. Scott* and *S. M. Graham,* attorneys for appellant.

The indictment, the court will note, charges appellant
with an "attempt" to defraud "Chas. A. Mounsour,"
not "Ziller," and this instruction abandons the indictment, goes out into the list of state witnesses, and authorizes a conviction, not for what he is indicted, but for
something else, that is, it authorizes and directs a conviction not charged or supported by the evidence.

. In support of the first objection to this instruction,
above set out, I cite the following cases, holding that
where the charge is one thing, and the proof another, a
conviction cannot be upheld. And of course, if the indictment charges the defrauding of one one person, and
the court in its only instruction on that point, authorizes
a conviction for the defrauding of another person entirely different to that one named in the indictment, it is
fatal error.

In the case of *Morgan* v. *State,* 13 Smedes and Marshall, 240, it was held: "If therefore A be indicted for an assault with intent to kill B, the indictment will not be sustained by proof that A made the assault with intent to kill C and accidently wounded B."

I commend the facts of this case to the court, as controlling the instant case. True it is, that it is immaterial in a case like the one at bar, as to who was intended to be defrauded, and true it is that the state might have alleged that the supposed forgery was intended to defraud "Ziller," but the state did no so allege, did not elect to charge an attempt to defraud "Ziller," but it elected to charge an attempt to defraud "Chas. A. Mounsour," and then at the last moment it elected to abandon that charge, in the indictment, and instruct the jury that if he intended to defraud "Ziller," he was guilty. Suffice it to say, he was not so charged, and so he is convicted of an offense, of which he is not at all charged.

I also cite the cases of *Henry Bedell* v. *State,* 50 Miss. 492, holding at page 496, as follows: "In the construction of this statute (assault with intent), it has been held, that the specific intent charged must be proven. As if it be to murder A, proof of intent to murder B will not do, for here the intent charged is not support by the proof," citing *Jones* v. *State,* 11 Smedes and Marshall, 317; *Barcus* v. *State,* 49 Miss. 18.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

The instruction was not erroneous, to the extent of requiring a reversal, because the testimony plainly shows that the forgery and uttering complained of in the indictment would have defrauded either Monsour or Ziller, and the indictment could have alleged either one or both of them, and it could not have been bad or demurrable for that reason. See 19 Cyc. 1396 and notes 20, 21, 22, and authorities there cited.

While an intention to defraud is a necessary allega-
tion in an indictment for this offense, still it is not ma-
terial as to which one was defrauded, or as to who was
defrauded, and if the appellant changed the check in
question so that it would have perpetrated a fraud, it is
sufficient. It is the state of mind, coupled with the act of
altering, that constitutes the crime. It is immaterial,
whether he, at the time of making the alteration, intended
to defraud any other person than Monsour, and it would
have been no defense had the testimony shown that it
was his orignial intention to defraud some other person.
It seems that we have no direct authorities on this par-
ticular crime in this state on this point, but, in a burg-
lary case, where the offense consists of the act of break-
ing and entering a house, with the intention of stealing
or committing some crime in the house, and the indict-
ment charges a larceny of property belonging to a cer-
tain person named in the indictment, it was held no va-
riance where the proof showed a stealing of property of
another person than the one alleged in the indictment,
and this act of breaking, coupled with the proper intent,
would make out the crime, completely. *Brown* v. *State,*
72 Miss. 990, 18 So. 431; *Harris* v. *State,* 61 Miss. 304.

It seems to me that by an analogy of reason, it would
be wholly immaterial in this case whether Ziller was in-
tended to be defrauded by this appellant, that the crime
would be complete, and to hold that an error of this kind
would vitiate a trial, where the proof for the state was
satisfactory, would be extremely technical. It appears
from the testimony in the case that the appellant knew
that he had committed a wrong, and that he was afraid
to meet Ziller, and it is perfectly evident that he is the
one who passed the altered check.

COOK, J., delivered the opinion of the court.

Appellant was convicted upon an indictment embody-
ing two counts, charging him with the forgery of a cer-

tain order with the intent to cheat and defraud one Charles A. Monsour, and with uttering and publishing as true said forged order with the intent to cheat and defraud said Charles A. Monsour. The trial court, at the instance of the state, instructed the jury as follows: "The court instructs the jury that, if they believe from the evidence beyond a reasonable doubt that the defendant, either himself or through another at his request, altered the check in the manner testified to by the witnesses for the state, with intent to defraud Ziller, it is their duty to find the defendant guilty as charged."

It will be observed that the indictment charged the defendant with forging and uttering the alleged forged instrument of writing with the intent to cheat and defraud one person, whereas the jury were instructed to find him guilty if they believed from the evidence that he forged or uttered the instrument with intent to cheat and defraud an entirely different person. The pleader elected to set out in the indictment the name of a specific person whom the defendant was charged with having intended to cheat and defraud; and, this being true, it is manifest that the trial should have been confined to the charges preferred by the indictment. If the verdict of the jury had been an acquittal rather than a conviction, and the state had afterwards placed the defendant upon trial for forging and uttering the order with the intent to cheat and defraud the person named in the instruction, he would not be permitted to introduce and plead the former acquittal in bar of the second indictment.

*Reversed and remanded.*